UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.
8:07-CV-02288-T-23MSS

KASEY NEWSOM,

    Plaintiff,

v.

PARAGON CAPITAL PARTNERS, LLC, a
Florida limited liability company; ENCORE
BUSINESS SOLUTIONS, INC., a Florida
corporation, SANTOSH GOVINDARAJU,
PAUL BERAQUIT, SACHIN PATEL, and
EDGAR O. RAWLS,

    Defendants.

_____/

## COMPLAINT AND JURY TRIAL DEMANDED

Plaintiff, KASEY NEWSOM, ("NEWSOM"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, PARAGON CAPITAL PARTNERS, LLC, a Florida limited liability company (hereinafter "PARAGON"); ENCORE BUSINESS SOLUTIONS, INC., a Florida corporation (hereinafter "ENCORE"), SANTOSH GOVINDARAJU (hereinafter "GOVINDARAJU"), PAUL BERAQUIT (hereinafter "BERAQUIT"), SACHIN PATEL (hereinafter "PATEL"), and EDGAR O. RAWLS (hereinafter "RAWLS"), and states as follows:

### INTRODUCTION

This is an action to recover unpaid minimum wages and overtime compensation

under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA").

## JURISDICTION

1. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, and 28 U.S.C. §1343. At all times pertinent to this Complaint, Defendants were enterprises engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

2. The Defendants, PARAGON, ENCORE, GOVINDARAJU, BERAQUIT, PATEL and RAWLS are subject to the personal jurisdiction of the United States District Court for the Middle District of Florida because they engage in substantial and not isolated activity within that judicial district.

3. The Defendants, PARAGON, ENCORE, GOVINDARAJU, BERAQUIT, PATEL and RAWLS are also subject to the personal jurisdiction of the United States District Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

4. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in Pinellas County, Florida, in the Middle District of Florida;

    b.    Defendants were and continue to be Florida companies and individuals doing business within this judicial district.

## PARTIES

5. At all times material hereto, Plaintiff, NEWSOM, was and continues to be a resident of Pinellas County, Florida, and was an "employee" of the respective Defendants within the meaning of the FLSA.

6. At all times material hereto, Defendants, GOVINDARAJU, BERAQUIT, PATEL AND RAWLS, were supervisors and or managers/directors/officers for the Defendant companies and were conducting business Pinellas County, Florida. They are "person[s]" within the meaning of the FLSA.

7. At all times material hereto, Defendants were the employers of Plaintiff, NEWSOM.

8. At all times material hereto, Defendants were and continue to be "employers" within the meaning of the FLSA.

9. At all times material hereto, PARAGON, ENCORE, GOVINDARAJU, BERAQUIT, PATEL and RAWLS knowingly and willfully failed to pay NEWSOM his lawfully earned wages in conformance with the FLSA.

10. Defendants GOVINDARAJU, BERAQUIT, PATEL and RAWLS committed a willful and unlawful violation of the FLSA and, therefore, are personally liable for monetary damages.

11. At all times material hereto, Defendants, PARAGON and ENCORE, were and continue to be "enterprise[s] engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, the work performed by Plaintiff, NEWSOM, was directly essential to the business performed by PARAGON, ENCORE, GOVINDARAJU, BERAQUIT, PATEL and RAWLS.

13. Plaintiff, NEWSOM, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

14. In or about March 2006, Plaintiff was hired by the Defendants to work as a maintenance man.

15. During Plaintiff, NEWSOM's employment, Defendants paid NEWSOM an hourly rate of $6.70, which later increased to $7.00.

16. Throughout NEWSOM's employment, he regularly worked over forty (40) hours per week.

17. Defendants knowingly and willfully operated their business with a policy of not paying the overtime rate of time and one-half for hours worked in excess of the maximum hours provided by the FLSA, to the Plaintiff.

18. GOVINDARAJU, BERAQUIT, PATEL and RAWLS were supervisors and/or managers who were involved in the day-to-day operation of the Defendant corporations, and were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

19. Plaintiff has retained Bober & Bober, P.A. to represent him n this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

20. Plaintiff realleges Paragraphs 1 through 19 as if fully stated herein.

21. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff, NEWSOM's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

22. Plaintiff, NEWSOM, was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

23. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by NEWSOM in excess of the maximum hours provided for in the FLSA.

24. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, NEWSOM, intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

25. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, NEWSOM, at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

26. Defendants failed to properly disclose or apprise Plaintiff, NEWSOM, of his rights under the FLSA.

27. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, NEWSOM, is entitled to liquidated damages pursuant to the FLSA.

28. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff, NEWSOM, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

29. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, NEWSOM, respectfully requests that judgment be entered in his favor against the Defendants:

    a.    Declaring that Defendants, individually and/or collectively, have violated the maximum hour provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff overtime compensation in the amount calculated;

    c.    Awarding Plaintiff liquidated damages in the amount calculated;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiff post-judgment interest; and

    f.    Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

30. Plaintiff realleges and reavers Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

31. Plaintiff, NEWSOM's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

32. 29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid at or above their minimum wages.

33. Plaintiff worked hours for the Defendants for which he was not paid the statutory minimum wage. Defendants did not give Plaintiff his last paycheck, among other things.

34. Plaintiff made repeated demands that he be paid his lawfully due wages, but Defendants refused.

35. Defendants' violation of the FLSA concerning payment of minimum wages was willful.

36. Defendants knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages to the Plaintiff.

37. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

    a.    judgment in his favor for all unpaid minimum wages due or payable;

    b.    liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION (FLORIDA MINIMUM WAGE AMENDMENT)

38. Plaintiff, NEWSOM, realleges Paragraphs 1 through 19 as if fully stated herein.

39. Pursuant to Article X, Section 24 of the Florida Constitution, Plaintiff, NEWSOM was entitled to be compensated at no less than the state mandated minimum wage for all hours worked.

40. During Plaintiff, NEWSOM's employment, Defendants paid him less than the statutory minimum wage for some of his work hours. Plaintiff was not promptly paid his last paycheck.

WHEREFORE, Plaintiff, NEWSOM, respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the Florida minimum wage;

b. Awarding Plaintiff all back wages due and owing;

c. Awarding Plaintiff liquidated damages in the amount equal to his back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

 e. Awarding Plaintiff post-judgment interest;

 f. Finding that Defendant willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation; and,

 g. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: December 10, 2007.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com

By: _____
PETER BOBER
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248
samara@boberlaw.com